## 20940

**BOYLE UTILITIES, INC., Appellant, v. The SOUTH CAROLINA TAX COMMISSION, Respondent.**

(254 S. E. (2d) 308)

*F. Ladson Boyle* of *Love, Thornton, Arnold & Thomason,* Greenville, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. Joe L. Allen, Jr., Sr. Asst. Atty. Gen. G. Lewis Argoe, Jr.,* and *Asst. Atty. Gen. John C. von Lehe,* Columbia; *for respondent.*

April 18, 1979.

Ness, Justice:

This is an action for refund of $4,652.99 in taxes paid under protest. The trial judge granted the Tax Commission's motion for summary judgment. We affirm.

The appellant taxpayer, Boyle Utilities, Inc., a construction company which installed sanitation pipelines in South Carolina, North Carolina and Georgia, was incorporated in South Carolina and had its principal place of business in Sumter. In 1975, appellant conducted 51% of its business in South Carolina and 49% in Georgia. In June of 1975, Boyle Utilities decided to liquidate and brought all its equipment to Sumter for public auction. Appellant realized a gain of $153,106.36 on this sale.

Relying on Code § 12-7-1120(6) (1976), respondent assessed Boyle with taxes on this amount. Appellant argues that this code section is inapplicable and that gain from the sale should be apportioned between Georgia and South Carolina on the same basis as its income in 1975. The sole issue is whether the trial court erred by applying Code § 12-7-1120(6) to the income realized by appellant on the sale of its equipment.

Code § 12-7-1120(6) provides:

"The following items of income shall be specifically and directly allocated in accordance with the following provisions before apportionment of the remaining net income, and such items shall not be included in any factor of the apportionment formula:

"(6) Gains and losses from the sale of tangible personal property, other than tangible personal property held for sale to customers in the regular course of business, are allocable to this State, if:

"(a) The property had a situs in this State at the time of sale, or

"(b) A corporation taxpayer's principal place of business or an individual taxpayer's domicile is in this State and the taxpayer is not taxable in the state in which the property had a situs."

The trial court concluded the above section clearly expressed the intent of the legislature to tax income from the sale of tangible personal property other than property held for sale to customers in the regular course of business, if the property had a situs in South Carolina. We agree.

Appellant argues that the words "other than tangible, personal property held for sale to customers in the regular course of business" should be construed broadly to include the sale of equipment in the course of liquidating a business. Appellant urges application of the broad definition of business income contained in the Uniform Division of Income for Tax Purposes Act.

While the General Assembly elected to incorporate some of the language from the Uniform Act into Code § 12-7-1120(6), it did not adopt the Act's definition of business income. Accordingly, the trial court correctly declined to apply the business income theory urged by appellant.

We conclude the sale of property pursuant to a corporate dissolution is not the sale of property "to customers in the regular course of business." A liquidation sale is not a part of the business of contracting to install sanitation pipeline.

We affirm the order of summary judgment denying the refund of taxes paid under protest.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.